Sue Y. Park (State Bar No. 207624)
Anton D. Jensen (State Bar No. 198301)
PARK JENSEN LLP
17541 17th Street, Suite 102
Tustin, CA 92780
Ph: 714-389-9836
sue@parkjensenlaw.com
tjensenesq@gmail.com

Attorneys for Plaintiff Jung Ho (John) Souh, as Administrator of the Estate of Jung Jun Souh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG HO (JOHN) SOUH, AS ADMINISTRATOR OF THE ESTATE OF JUNG JUN SOUH,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA; and DOES 1 through 10,<br><br>Defendants. | Case No.: **2:22-CV-00321**<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEY'S FEES AND COSTS**<br><br>**[29 U.S.C. §1132(a) et seq./ERISA]** |

Plaintiff alleges as follows:

## **PARTIES**

1. Plaintiff's Decedent, Jung Jun Souh, was an individual who at all relevant times, including at the time of his death on February 11, 2019, was a California resident, having an address at 3810 Wilshire Blvd., #1211, Los Angeles, CA 90010.

2. Plaintiff's Decedent was for many years and continuing to the time of his death employed as a pharmaceutical sales representative for Ipsen Biopharmaceuticals, Inc. Plaintiff's Decedent was a participant and insured under a Group Term Insurance Policy, Policy No. 239717-001 (the "Policy"), written by

1

Defendant Sun Life Assurance Company of Canada ("Sun Life"). The Policy includes Accidental Death and Dismemberment Insurance.

3. Plaintiff JUNG HO (JOHN) SOUH, AS ADMINISTRATOR OF THE ESTATE OF JUNG JUN SOUH is the duly appointed Administrator of the Estate of Jung Jun Souh, which estate is being administered under the supervision of the Los Angeles Superior Court. Plaintiff was and is at all relevant times a California resident. Plaintiff is Decedent's brother. (The sole heir of the Estate of Jung Jun Souh is their mother, Jin Souh.)

4. Plaintiff JUNG HO (JOHN) SOUH, AS ADMINISTRATOR OF THE ESTATE OF JUNG JUN SOUH is the beneficiary of the Policy benefits, including but not limited to the Accidental Death Benefit.

5. Defendant SUN LIFE ASSURANCE COMPANY OF CANADA ("Sun Life") is a Canadian company, registered to conduct insurance business in the State of California, and having a registered Agent for Service of Process in Los Angeles.

6. Sun Life acts as the administrator of the Policy, handles claims and makes benefits decisions under the Policy, and is responsible for paying claims under the Policy.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act

of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff to recover Accidental Death benefits due under the Policy, an ERISA plan. Jurisdiction is predicated under these sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

9. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district. Sun Life breached its duty to pay benefits under the Policy in this judicial district. In addition, Sun Life can be found in this judicial district. Thus venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions) and 28 U.S.C. §1391(b)(2), and the ends of justice so require.

## FIRST CAUSE OF ACTION
## FOR RECOVERY OF POLICY BENEFITS DUE, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEY'S FEES & COSTS
## [29 U.S.C. §1132(a) et seq.]

(Against Defendant Sun Life Assurance Company of Canada and Does 1-10)

10. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-9 above as though fully set forth herein.

11. On January 25, 2019, Jung Jun Souh, a 40-year-old fully employed man who was an avid recreational runner, was seen at St. John's Health Center in Santa Monica, CA for his preoperative examination prior to a scheduled hernia repair operation. The doctors found him "well appearing, fit, conversational and well kempt." He was cleared for hernia repair surgery. He was told to follow up with the doctor after surgery to get help with his alcoholism.

12. On January 28, 2019, during his hernia repair surgery in Santa Monica, CA, the insured Jung Jun Souh suffered an accidental cutting of his spleen. The accidental cut to his spleen led to massive bleeding and other complications including without limitation blood stream infection (sepsis) from which he did not recover.

13. On February 11, 2019, Jung Jun Souh died in Santa Monica, CA as a result of the accidental bodily injury to his spleen sustained during surgery.

14. The accidental cutting of Jung Jun Souh's spleen set in progress the chain of events leading directly to his death.

15. Jung Jun Souh would not have died if he had not suffered the accidental splenic injury he sustained during the hernia repair on January 28, 2019.

16. The autopsy report dated February 25, 2019 of Deputy Medical Examiner J. Daniel Augustine, M.D. states:

> OPINION:
> After review of the Coroner Investigator's Narrative, the available medical records, and a complete autopsy, the cause of death is attributed to the sequelae of a splenic injury which occurred during an operative procedure consisting of a robotic assisted laparoscopic right inguinal hernia repair with mesh.
>
> The manner of death is accident.

The Deputy Medical Examiner's medical report attached to the autopsy report also states the immediate cause of death was sequelae of splenic injury and indicates the cause was accidental injury "during operative procedure" on 1/28/19. The autopsy also states, under "Other Conditions Contributing But Not Related to the Immediate Cause of Death," "alcoholic liver cirrhosis."

17. The Policy provides: "This Policy is delivered in New Jersey and is subject to the laws of that jurisdiction."

18. The Policy, Section IV, "Benefit Provisions," of the "Employee Accidental Death and Dismemberment Policy," provides:

> If Sun Life receives Notice and Proof of Claim that an Employee:
> […]
> - sustains an Accidental Bodily Injury while insured, which results in loss of life… within 365 days of the date of that injury; […]
> Sun Life will pay, subject to the Exclusions, the following percentage of Accidental Death and Dismemberment Insurance shown in Section I, Schedule of Benefits that was in force on the date of the Accidental Bodily Injury for the following losses: Life

..................................................................100%" [Policy, p. 31]

19. The Policy defines "Accidental Bodily Injury" as "bodily harm caused solely by external, violent and accidental means which is sustained directly and independently of all other causes" (Policy, Section II, P. 14).

20. The Policy states at p. 34, in a list of unnumbered "Exclusions":

> No Accidental Death or Accidental Dismemberment payment will be made for a loss which is due to or results from:
> […]
> - bodily or mental infirmity or disease of any kind, or infection unless due to an accidental cut or wound.

(the "infirmity exclusion").

21. Plaintiff made a claim to Sun Life for the Accidental Death Benefit and submitted the autopsy and medical records.

22. The autopsy and medical records show that (a) the insured Jung Jun Souh died as a result of the accidental injury to his spleen and (b) Jung Jun Souh was cleared for surgery and was expected to continue living if he had not suffered the unexpected accidental injury to his spleen.

23. A report prepared by a doctor employed by Sun Life, Dr. Elizabeth Engelhardt, <u>fails to contradict</u> that: (a) the insured Jung Jun Souh died as a result of the accidental injury to his spleen and (b) Jung Jun Souh was cleared for surgery and was expected to continue living if he had not suffered the unexpected accidental injury to his spleen.

24. In a letter dated April 28, 2021, Sun Life denied the Accidental Death Benefit claim.

25. Sun Life's stated explanation for the denial in the April 28, 2021 letter was:

> "By policy definition, Jung Jun Souh's death was not an 'Accidental Bodily Injury' as it was not caused soley [sic] by an external, violent and accidental means, sustained directly and independently of all other causes. Therefore, no Accidental Death benefits are payable under the terms of this policy." [Sun Life's April 28, 2021 Letter]

26. In the April 28, 2021 letter, after the above explanation, Sun Life also quoted the infirmity exclusion. However, Sun Life provided no explanation as to how or why it would apply to a death obviously due to an accidental splenic cut, and no explanation or discussion of how New Jersey law applies to such an exclusion.

27. On June 23, 2021, and within 180 days of the initial denial, Plaintiff submitted a written appeal and request that Sun Life review and reverse the denial of the Accidental Death Benefit claim. Plaintiff pointed out that Jung Jun Souh had clearly suffered Accidental Bodily Injury and died as a result, contrary to Sun Life's stated explanation for denying the claim. Plaintiff also stated that the infirmity exclusion could not be properly applied to deny coverage in this case either.

28. In a letter dated August 13, 2021 (after Plaintiff's undersigned counsel granted Sun Life's request for an extension of time to respond to the appeal), Sun Life refused to reverse its denial of the Accidental Death Benefit claim. Sun Life admitted and conceded that, contrary to Sun Life's initial stated explanation for the denial, Jung Jun Souh did suffer Accidental Bodily Injury. However, Sun Life insisted that the denial is justified by the infirmity exclusion and for the first time provided its explanation of why it claims the underlying infirmity exclusion supports its denial. Sun Life's position is that even though Mr. Souh's death was the result of an admitted Accidental Bodily Injury, Sun Life need not pay the benefit under its Accidental Death and Dismemberment policy because Mr. Souh's "pre-existing/underlying medical condition of alcoholic cirrhosis contributed to his death." (Dr. E. Engelhardt, Clinical Services Summary, p. 3).

29. Sun Life's explanation and sole reliance on the infirmity exclusion is incorrect, improper, and contrary to New Jersey law. It is plain from Sun Life's correspondence that it made no effort properly to apply New Jersey law and simply ignored it. Neither Sun Life's initial April 28, 2021 denial letter nor Sun Life's August 13, 2021 letter discusses New Jersey law at all.

30. Under longstanding New Jersey law, policy exclusions for losses resulting from infirmity or disease do not bar recovery of accidental death benefits where, as here, it is an accidental injury that sets in progress the chain of events leading to the death, even if an underlying disease or infirmity contributed to the death. *See*, *e.g.*, *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 485-489 (1961). Sun Life failed to discuss or mention the effect of New Jersey law on its improper claim denial.

31. Sun Life's argument, that underlying undiagnosed liver cirrhosis and associated coagulopathy (blood-clotting disorder) contributed to Mr. Souh's inability to recover from the accidental injury and the bleeding and other complications that ensued from his accidental spleen injury, does not excuse payment of the accidental death benefit under New Jersey law.

32. On or about October 8, 2021, and within 180 days of the initial denial, Plaintiff again wrote to Sun Life and explained that Sun Life's denial of the Accidental Death Benefit in sole reliance on the infirmity exclusion was and is incorrect and unjustified, and inconsistent with decades of New Jersey law. Plaintiff also submitted a report dated October 7, 2021 of Dr. Joel Feinstein, a board-certified gastroenterologist. Consistent with the autopsy and medical records, Dr. Feinstein's report confirms, inter alia, that:

> i. Mr. Souh (decedent) would not have died if he had not suffered the accidental splenic injury he sustained during the hernia repair on 1/28/19. The accidental splenic injury was the proximate and overarching cause of Mr. Souh's death. The accidental splenic injury set in progress the chain of events leading directly to Mr. Souh's death.
>
> ii. prior to the surgery and accidental injury, the patient Mr. Souh, despite an undiagnosed liver condition, was expected to live a productive life for the foreseeable future; i.e., had not Mr. Souh sustained the accidental splenic injury, he would have walked out of the hospital and continued with his life.
>
> iii. prior to the surgery and accidental injury, Mr. Souh was in no imminent danger of dying from the condition of his liver or any related

purported coagulopathy/clotting deficiency; i.e., the condition of his liver alone would not have caused death.

33. Sun Life has failed and refused to consider Plaintiff's correspondence of October 8, 2021 and enclosed report of Dr. Feinstein. Instead, Sun Life has reiterated its improper denial of Plaintiff's Accidental Death Benefit claim and appeal, necessitating this lawsuit.

34. As a direct and proximate result of the Defendant Sun Life's denial of Plaintiff's claim, Plaintiff has been wrongfully deprived of the Accidental Death Benefit due under the Policy.

35. The amount of the Accidental Death Benefit under the Policy for the claim in controversy is $502,000.00 (excluding interest).

36. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, and the Policy provide a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted. Plaintiff submitted written request for review, written comments, and other documents within 180 days after the initial denial by Sun Life. Sun Life refused to reverse its denial of the accidental death benefit. Accordingly, Plaintiff's administrative remedies have been exhausted and Plaintiff has the right to bring this civil action under section 502(a) of ERISA, 29 U.S.C. §1132(a), *et seq*.

37. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur and has incurred attorney fees and costs to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g) (1). An award of attorney's fees is particularly appropriate in this case as Sun Life has shown bad faith or culpability in that Sun Life has attempted to deny the claim by initially claiming that Plaintiff's Decedent never suffered Accidental Bodily Injury—an obviously false position. After backtracking and withdrawing its spurious claim that there was no Accidental Bodily Injury, Sun Life provided a new spurious explanation for its denial solely based on the underlying infirmity exclusion. However, Sun Life continued to

completely ignore and fail to follow applicable New Jersey law which precludes Sun Life from relying on the underlying infirmity exclusion. Plaintiff's Decedent at the time of his surgery was under no immediate threat of death from liver cirrhosis alone and was expected to continue living if he had not suffered the accidental cut to his spleen. When Plaintiff provided, within 180 days of the initial denial letter, further detailed comments and submissions explaining in detail why Sun Life's denial is incorrect, Sun Life refused to consider them. Sun Life's conduct in this matter evinces a clear intent to unfairly deny and avoid paying a proper claim.

38. Under both New Jersey and California law, Plaintiff is entitled to, and respectfully requests, *de novo* review of Sun Life's denial of the accidental death benefit. New Jersey law and California law both prohibit so-called "discretionary clauses" such as Section VII.B of the Policy. See, e.g., N.J.A.C. 11:4-58.3; Cal. Ins. C. §10110.6(a).

39. Under any standard of review, Sun Life's denial is wrongful and must be reversed.

40. Sun Life is both the party making claims decisions and the insurer that pays benefit claims.

41. Sun Life therefore has a conflict of interest in making claims decisions.

//
//

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. An award of the accidental death benefits as provided by the Policy, in the amount of no less than $502,000.00, together with interest thereon at the legal rate from April 28, 2021, the date of the initial wrongful denial, until paid;

2. For costs and reasonable attorney fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper, including but not limited to any declarations or determinations the Court may deem

necessary to securing Plaintiff's recovery of the accidental death benefits or to otherwise enforcing present or future rights to benefits under the Policy.

Dated: January 14, 2022

Respectfully submitted,

**PARK JENSEN LLP**

By: */s/ Anton D. Jensen*
Anton D. Jensen and Sue Y. Park

Attorneys for Plaintiff Jung Ho (John) Souh, as Administrator for the Estate of Jung Jun Souh